TUISE'E ALOSIO TUITELELEAPAGA, Claimant

v.

FUE I. TUITELELEAPAGA, FOFOGAOALI'I
TUITELELEAPAGA, and FAUATEA IOSEFO PELESASA,
Objectors

[In the Matter of the Matai Title
"TUITELELEAPAGA" of the Village of Leone]

High Court of American Samoa
Land and Titles Division

MT No. 6-89

June 4, 1990

Before REES, Associate Justice, TAUANU'U, Chief Associate Judge,
AFUOLA, Associate Judge, and APE, Associate Judge.

Counsel: For Claimant, Afoa L.S. Lutu
For Objector Fue, Tau'ese P.F. Sunia
For Objector Fofogaoali'i, Fai'ivae A. Galea'i
For Objector Fauatea, Asaua Fuimaono

This is a difficult decision among four well qualified candidates.
The Court herewith announces its findings with respect to the four
statutory criteria set forth in A.S.C.A. § 1.0409(c) for the resolution of
disputes over the right to hold a matai title.

I.       *Best Hereditary Right*

The Court finds that Tuise'e, Fue[1], and Fofogaoali'i are all the

---

[1]      Objector Fue I. Tuiteleleapaga is also a holder of the matai title "Peseta" in
Western Samoa. On cross-examination he revealed that he has registered this title in

sons of former holders of the Tuiteleleapaga title. According to the method traditionally used by the Court for calculating blood relationship to a title, each therefore has a 50% or 1/2 relationship to the title. Fauatea is the great-great-grandson of a former Tuiteleleapaga and therefore has a 1/16 relationship to the title.

The Court gave some consideration to applying the alternate method of calculating blood relationship set forth in *In re Matai Title Sotoa*, MT No. 5-82, or some variant of this method. According to the "Sotoa rule," blood relationship is calculated not to the nearest titleholder in a candidate's genealogy but to the original titleholder. One variant of the Sotoa rule would be to trace the ancestry of all candidates to the titleholder who was their nearest common ancestor.

The "Sotoa rule" has been criticized by the Appellate Division of the High Court and has not been applied for several years. *See, e.g.,  In re Matai Title Le'iato*, 3 A.S.R. 133 (1986); *In re Matai Title La'apui*, 4 A.S.R.2d 7 (1987); *In re Matai Title Tauaifaiva*, 5 A.S.R.2d 13 (1987). It may nevertheless be appropriate in certain cases, as where it appears that a particular family's tradition is to rotate the matai title among the different branches of the family; or where domination of the title by one branch of the family has resulted from previous Court decisions rather than from the family's own consensus, such decisions having produced the unintended result that no person from any other branch has a close relationship to any recent titleholder.

In the present case candidate Fauatea pointed out that his branch of the family has not had a titleholder for several generations and argued that this fact should weigh in his favor rather than against him. Even

---

Western Samoa but that he is not a citizen of Western Samoa. Opposing counsel laid great stress on this apparent violation of that nation's "Samoan Status Act," which makes it a crime for anyone but a Western Samoan citizen with some Samoan blood to hold a matai title. *See Tuika v. Chief Election Officer*, 9 A.S.R.2d 57 (1988). The candidate testified, however, that he was unaware of the provisions of that Act and had never been required to take an oath of allegiance to Western Samoa. The apparent violation of Western Samoan law, therefore, does not reflect on the candidate's character or on any other qualification to hold the Tuiteleleapaga title.

On cross-examination of candidates Tuise'e and Fauatea it developed that these candidates are the holders of unregistered matai titles in apparent violation of A.S.C.A. § 1.0414. In neither case, however, does the failure to register appear to have been motivated by a desire to defeat the rights of any other claimant to the title. Without conferring our approval on the use of unregistered matai titles in violation of A.S.C.A. § 1.0414, but in the interest of convenience and clarity, we refer to each candidate by the name he used in filing his claim or objection in the present case.

under the Sotoa rule or the nearest-common-ancestor variant, however, Fauatea would be somewhat more distantly related to the title than any of the other three candidates. This is because Fauatea is a member of a "younger" generation, in genealogical rather than chronological terms, than the other three candidates. He is a great-great-great-grandson of the candidates' common ancestor Tuiteleleapaga Gatagiala, whereas Fue and Fofogaoali'i are great-great-grandsons and Tuise'e is a great-grandson.

The application of the Sotoa or nearest-common-ancestor rules, therefore, would benefit Tuise'e rather than Fauatea. Tuise'e, however, uses the traditional rule in calculating his own hereditary right, and willingly conceded during his testimony that Fue and Fofogaoali'i have the same blood relationship (50% or 1/2) as he does.

Since digression from the traditional rule would do nothing to address the issue raised by Fauatea, this does not seem an appropriate case for such digression.

We therefore apply the traditional rule and find that Tuise'e, Fue, and Fofogaoali'i are tied on the criterion of hereditary right, each having a 1/2 relationship to the title.

## II. *Wish of the Majority or Plurality of the Clans*

This was one of those rare cases in which the candidates more or less agreed on what the "clans" of the family are. At least during the tenure of the late Tuiteleleapaga Napoleone II, the most recent titleholder, the family has been organized into five clans.

It appears that one of these clans, Maualalo, consists entirely of people who are related to the progenitor of the clan not by blood but by adoption. The Maualalo people are, however, true members of the Tuiteleleapaga family, tracing their blood ancestry through other clans. It further appears that prior to the Napoleone period the family may have been divided into only two clans, one descended from Tuiteleleapaga Fue and the other from his sister Melesala. The five current clans have, however, participated as such in family affairs for some years, evidently without objection from anyone. We assess clan support accordingly.

All four candidates have some family support. Tuise'e appears to predominate within the Posu and Lusia clans and to have some support in other clans. Fue appears to predominate within the Napoleone I and Maualalo clans and to have some support in other clans. Fauatea appears

to predominate within the Fue or Alosio clan. Fofogaoali'i does not appear to predominate within any clan, although he does appear to have some support within several clans.

We find that Tuise'e and Fue are tied on the criterion of clan support, each having shown wide support including predominant support within two clans.

### III. Forcefulness, Character, Personality, and Knowledge of Samoan Custom

All four candidates are well qualified with respect to this criterion. Each has different strengths.

Tuise'e has lived in the Tuiteleleapaga family for twenty years and has served the family with diligence and devotion; he appears to be an honest, devout, and extraordinarily good-natured man who is well loved within the family.

Fue retired from the United States Marine Corps after thirty years, numerous important assignments, and an impressive number of commendations and decorations. He has since served in a number of important positions within the American Samoa Government and is also quite active in Church activities. He is the most materially successful of the candidates; his success outside the fa'a Samoa, however, does not seem to have been accompanied by any diminution in his respect for traditional virtues or in his devotion to the family.

Fofogaoali'i served for some years as pulenu'u of Leone, has served for many years as a matai, is active in Church affairs, and appears to have the dignity, knowledge, and sense of responsibility that befit such activities.

Fauatea, although he only recently begun living within the family in Leone and has not been as active as the other candidates in family, village, or public affairs, appears nevertheless to be an intelligent and agreeable person who is genuinely devoted to the family.

All the candidates have distinguished military records, are active churchgoers, and acquitted themselves well in response to questions designed to test their knowledge of Samoan custom.

The judges have determined that the accomplishments of Fue stand out in this distinguished field, and therefore find that Fue prevails on this criterion.

### IV.     Value to Family, Village, and Country

For the reasons stated in the discussion of the third criterion, all four candidates would be of value to the family, village, and country. Again, however, the many accomplishments of Fue, his energy and diligence, and the status he has already attained within the community cause him to prevail on this criterion.

It was suggested by some opposing counsel that Fue might be insufficiently flexible and conciliatory to accomplish the most important task of a matai, which is to bring and keep the family together. There is great truth in the observation that authority is always most effectively exercised with humility. Despite some friction during the recent contest, however, relations within the family and among the candidates appear generally to be characterized by affection and respect. We are confident that Fue will direct his energies and his leadership qualities toward uniting rather than dividing the family, and that in so doing he will have the help of Tuise'e, Fofogaoali'i, and Fauatea.

### V.     Conclusion

Fue, having prevailed along with Tuise'e and Fofogaoali on the first criterion and with Tuise'e on the second, and having prevailed outright on the third and fourth criteria, has the right to hold the title Tuiteleleapaga. Judgment will enter accordingly.

It is so ordered.